**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 18-cv-00937-RM-KLM

SHERETTA MURRAY, individually and
on behalf of similarly situated persons,

    Plaintiff,

v.

TIPS, INC.,

    Defendant.
_____

# ORDER
_____

This matter is before the Court on the parties' Joint Renewed Motion for Preliminary Approval of Settlement Agreement (the "Renewed Motion") (ECF No. 96). Upon consideration of the Renewed Motion, the court record, and the applicable law, and being otherwise fully advised, the Court finds and orders as follows.

## I.     BACKGROUND

This lawsuit was filed on April 21, 2018 as a class and collective action with one named plaintiff (Jeremy Fletcher) and four named defendants (Tips, Inc., Tips LLC, Tips Investments LLC, and Steve Austerman (collectively, "Defendants")). (ECF No. 1.) Mr. Fletcher alleged Defendants operate numerous Domino's Pizza franchise stores and employed delivery drivers who use their own automobiles to deliver pizzas and other food items to customers. Defendants, however, allegedly used a flawed method to determine reimbursement rates for their delivery drivers causing such drivers' wages to fall below the federal minimum wage during some or all workweeks. Thus, Mr. Fletcher filed this action to recover alleged unpaid minimum wages and

overtime hours for himself and similarly situated delivery drivers employed by Defendants at their Domino's stores.

Subsequently, the complaint was amended four times: to remove parties and to remove and then add a Rule 23 claim. Specifically, as relevant here, in October 2018, upon joint motion filed by the parties made in order to facilitate settlement of this case, the Court approved conditionally certifying this case as a collective action under the FLSA and authorized notice be given to certain delivery drivers. In addition, the Court granted the parties' request "that the Colorado state law claims are to be and shall be considered dismissed with prejudice" and that Mr. Fletcher would be allowed to file an amended complaint to omit the Rule 23 claim under Colorado state law. (ECF No. 20, 26.) Thereafter, Mr. Fletcher filed his first amended complaint alleging a single claim under the FLSA. (ECF No. 28.) Mr. Fletcher amended the complaint again to remove an additional defendant, Tips LLC. (ECF No. 31, Second Amended Complaint.) Thus, the sole defendant was – and is – Tips, Inc.

Thereafter, as authorized by the Court, notices of the collective action were sent. In that notice, those parties who opted-in authorized the following:

> I consent to having *Plaintiff Jeremy Fletcher* make all decisions on my behalf concerning: the method and manner of conducting this litigation, including the terms of any potential settlement of this litigation and the releasing of claims; the agreement with Plaintiff's counsel regarding attorneys' fees and costs; and all other matters pertaining to the lawsuit.

(*See, e.g.,* ECF No. 36-1 (emphasis added).) Mr. Fletcher filed notices, along with many signed consents, with the Court. (*See, e.g.*, ECF Nos. 44-49.) Among the consents received, though not on the Court approved form, was the consent of Sheretta Murray. (ECF No. 40, filed December 18, 2018.)

After Ms. Murray filed her consent, a third amended complaint was filed where she was

substituted as the sole "named plaintiff" in this case.[1] Again, a single claim was filed under the FLSA. (ECF No. 63, filed Jan. 25, 2019.)

On August 8, 2019, Ms. Murray filed the fourth amended complaint, which is the operative complaint in this case. (ECF No. 84.) This time a Rule 23 Colorado wage claim was added based on allegations that Tips, Inc. (1) failed to pay for travel expenses as "other amounts promised"; and (2) failed to ensure that drivers received paid rest breaks during their shifts and were properly paid for missed or interrupted meal breaks. The first basis, however, is the same one which was previously dismissed with prejudice. (ECF No. 1, ¶ 66; No. 84, ¶ 66.)

After the filing of the fourth amended complaint, the parties filed their initial Joint Motion for Preliminary Approval of Settlement Agreement (the "Original Motion") under Fed. R. Civ. P. 23. Upon review, the Court held a hearing on the Original Motion raising several concerns with the parties' proposals. Thereafter, Mr. Fletcher withdrew his consent and the parties filed the Renewed Motion at issue.

In the Renewed Motion, the parties represent that, after extensive negotiations including a full-day structured mediation with an experienced mediator, they have agreed to settle this action on a hybrid FLSA and Fed. R. Civ. P. 23 class basis (the "Settlement Agreement") (ECF No. 96-1). They also represent they have adequately addressed the Court's concerns and now seek preliminary approval of the settlement; certification of the proposed classes for settlement purposes; the issuance of an order of preliminary approval; the approval and authorization of notices to the putative class members; and the setting of a fairness hearing. They also request that the Court issue an order *nunc pro tunc*, deeming the prior dismissal of the state law claims to be

---

[1] Although, based on the opt-in consents filed, there are many parties who are now plaintiffs whose names are too numerous to appear individually in the caption.

without prejudice.

## II. THE PROPOSED CLASSES AND SETTLEMENT AGREEMENT

The Settlement Agreement was entered into by Ms. Murray as the Named Plaintiff, on behalf of herself and the "Settlement Class Members," for the gross settlement amount of $545,000. The Settlement Class Members consist of two "classes" of settling individuals. The first class consists of those individuals who have previously opted-in (the "FLSA Settlement Class") and the second class consists of those who did not previously opt-in and who do not elect to opt-out (the "Meal and Rest Break Settlement Class"). They are defined as follows:

> "FLSA Class Members" or "FLSA Settlement Class Members" are the Colorado-based delivery drivers employed by Tips, Inc. from April 21, 2015, to July 1, 2019 ("Class Period"), who have previously filed consents opting-in to this matter.
>
> "Meal and Rest Break Class Members" or "Meal and Rest Break Settlement Class Members" means the Colorado-based delivery drivers who, as of July 1, 2019, worked 32 hours a week or more at least half of the weeks during their employment with Defendant, and who do not elect to exclude themselves from this settlement.

(ECF No. 96-1, p. 2.)

The Claims Administrator, not yet identified, will be chosen by and paid for (not out of the settlement amount) by Defendant. The parties have set forth a proposed timeline for the approval process, from providing notice to providing a motion for final approval of any preliminarily approved settlement to issuance of settlement checks. In addition, as relevant here, the parties also agreed on the following:

- $5,000 service award to Ms. Murray for her substantial assistance in this case;
- Up to 1/3 of the settlement fund ($545,000 x .33 = $179,850) in fees plus up to $15,000 in costs, for a maximum of $194,850 or about 36% of the

4

settlement fund may be requested by Plaintiffs' counsel;

Any Settlement Class Member may file a written objection to the settlement and appear at the fairness hearing.

### III. LEGAL STANDARD

A party seeking class certification must show first show the existence of the four threshold requirements of Rule 23(a). *Shook v. El Paso Cnty.*, 386 F.3d 963, 971 (10th Cir. 2004); *see also Vallario v. Vandehey*, 554 F.3d 1259, 1267 (10th Cir. 2009). These requirements are: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). These requirements are frequently referred to as numerosity, commonality, typicality, and adequacy of representation. *Harper v. C.R. England, Inc.*, 746 F. App'x 712, 720 (10th Cir. 2018).

In the Court's Rule 23 analysis, "[a]lthough the party seeking to certify a class bears the burden of proving that all the requirements of Rule 23 are met … the district court must engage in its own rigorous analysis of whether the prerequisites of Rule 23(a) have been satisfied." *Shook*, 386 F.3d at 968 (quotation marks and citations omitted). The court must accept the substantive allegations of the complaint as true and may consider the legal and factual issues presented by plaintiff's complaints. *Id.*

Once a plaintiff has met the Rule 23(a) threshold requirements, she must then show the action falls within one of the three categories of suits set forth under Rule 23(b). *Vallario*, 554 F.3d at 1267. In this case, the parties seek certification under Rule 23(b)(3). Rule 23(b)(3) lays out four matters the Court considers before certifying such a class. Fed. R. Civ. P. 23(b)(3)(A)-

5

(D). However, where the Court is certifying a class for settlement purposes, Rule 23(b)(3)(D) need not be considered. *Harper*, 746 F. App'x at 720 (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997)).

Once a class is certified, notice must be given to the class members. Fed. R. Civ. P. 23(e). Because class members would be bound by any judgment or settlement, they must be afforded an opportunity to be excluded from the class, i.e., opt-out. *See* Fed. R. Civ. P. 23(c)(2)(B)(v) (Notice must advise "that the court will exclude from the class any member who requests exclusion.").

## IV. ANALYSIS

### A. Rule 23(a) Requirements for Settlement Purposes

***Numerosity.*** Numerosity is shown where the class is so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). The parties advise there are 545 potential settlement class members. The Court, therefore, finds this requirement is satisfied.

***Commonality.*** "A finding of commonality requires only a single question of law or fact common to the entire class." *Menocal v. GEO Group Inc.*, 882 F.3d 905, 914 (10th Cir. 2018) (quotation marks and citations omitted). Here, Plaintiffs contend there are common questions of fact and law, including whether the class members were afforded statutory meal and rest breaks under Colorado law and whether the class members' vehicle-related expenses resulted in payment below minimum wage. The Court agrees and finds this requirement is also satisfied.

***Typicality.*** To show typicality, the movant must demonstrate "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "Differing fact situations of class members do not defeat typicality ... so long as the claims of the class representative and class members are based on the same legal or remedial

theory." *Colo. Cross Disability Coal. v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1216 (10th Cir. 2014) (quotations and alteration omitted). In this case, Plaintiff asserts the legal standards and requirements for proving the Colorado wage and hour claims are the same for her and all the putative class members. The Court agrees, for settlement purposes, such common contentions are capable of class-wide resolution. Accordingly, Ms. Murray's claims satisfy the typicality requirement under Rule 23(a)(3).

***Adequacy of representation.*** Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." This requires the resolution of two questions: "'(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187–88 (10th Cir. 2002) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)).

Plaintiff Murray asserts there are no conflicts between her and her counsel and the putative class members; Plaintiff has vigorously prosecuted this action on behalf of herself and the putative class; and Plaintiff's counsel has considerable experience as lead counsel in class action wage and hour litigation. On this record, the Court agrees. Further, although the opt-in plaintiffs authorized *Mr. Fletcher* to act on their behalf and, here, Ms. Murray purports to act on behalf of – and bind – all opt-in plaintiffs and the putative class members, notice will be given to all Settlement Class Members and they will be afforded an opportunity to object to or opt-out of the settlement. Thus, the Court finds the requirements under Rule 23(a)(4) have been shown preliminarily.

### B. Rule 23(b)(3) Requirements for Settlement Purposes

Under Rule 23(b)(3), a class action may be maintained if the court finds "questions of law or fact common to class members predominate over any questions affecting only individual members," and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Four matters relevant to the court's findings are: "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3)(A)-(D). As previously stated, Rule 23(b)(3)(D) is not relevant where the matter is before the court for settlement purposes only. The Court examines the relevant factors below.

As Plaintiff contends, and the Court agrees, due to the relatively small claims, individual settlement class members would have no particular interest in individually controlling the prosecution of separate actions. Plus, the members have an opportunity to opt-out if they wish to control their own litigation.

The parties do not address the second factor – any litigation already begun by or against class members. The Court notes, however, there was another action filed in this District, *Murray v. Tips, Inc.*, Case No: 18-cv-03160-STV, which was subsequently voluntarily dismissed without prejudice about a week after it was filed. This latter action was apparently filed when Defendant challenged whether Mr. Fletcher consented to file the action before this Court. This issue, however, has apparently been resolved with the withdrawal of Mr. Fletcher's consent and the addition of Ms. Murray as the Named Plaintiff in this action.

As for the third factor, desirability of concentrating the litigation in this forum, that too is not directly addressed. Nonetheless, as the delivery drivers are in Colorado and were (or are) working for Colorado based Domino's stores, the Court finds it is desirable to concentrate the litigation in this forum.

Finally, based on the current record, the common questions of fact or law concerning Defendant's alleged pay practices predominate. Thus, the Court agrees that certification for settlement purposes is appropriate under Rule 23(b)(3).

### C. Other Approvals

***Class Counsel***. A court that certifies a class must also appoint class counsel. Fed. R. Civ. P. 23(g)(1). To do so, the court "must consider": "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). Further, the court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class" and "may order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs." Fed. R. Civ. P. 23(g)(1)(B)-(C).

In this case, Plaintiff contends her counsel has considerable experience as lead counsel in class action wage and hour litigation. Upon review of counsel's declaration and the work such counsel as performed in this case, the Court agrees counsel may be preliminarily approved.

***Class Representative.*** Rule 23 classes require one or more class representatives. *See* Fed. R. Civ. P. 23(e)(2)(A). Ms. Murray, the named plaintiff, has acted as class representative since

she was added as a party. Based on the record and representations of counsel, the Court finds Ms. Murray may be preliminarily approved as the class representative.

### D. Preliminary Approval of the Proposed Settlement Agreement

The parties seek preliminary approval of the Settlement Agreement. Rule 23 governing settlements provide that the court should give notice if the parties' showing allows the court to determine it would "likely be able to" 1) approve the proposed settlement under Rule 23(e)(2), and 2) certify the class for the purpose of entry of a judgment on the proposal. Fed. R. Civ. P. 23(e)(1)(B); *see also* 4 W. Rubenstein, Newberg on Class Actions § 13:13 (5th ed. 2019). Under Rule 23(e)(2), the court may approve a proposal which binds class members only if it finds the proposal "fair, reasonable, and adequate" after considering four factors. Those four factors are whether "(A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other." In addition, the Tenth Circuit has outlined factors for the courts to consider – and upon which the parties rely[2] – in determining whether a proposed settlement is fair, reasonable, and adequate. *Rutter & Wilbanks Corp.*, 314 F.3d at 1188. The review at this stage, of course, is not "'as stringent as [that] applied for final

---

[2] These factors overlap some of those expressly set forth in Rule 23. The Court notes that *Rutter & Wilbanks* was decided before the 2018 amendments to Rule 23.

approval.'" *Ross v. Convergent Outsourcing, Inc.,* 323 F.R.D. 656, 659 (D. Colo. 2018) (quoting *In re Motor Fuel Temp. Sales Practices Litig.*, 286 F.R.D. 488, 492 (D. Kan. 2012)).

The Court has previously addressed adequacy of representation, so it need not be repeated here. As to whether the proposal was negotiated at arms-length, the Court finds, on the current record, the parties have shown it was an arms-length negotiation assisted by a mediator.

The adequacy of relief and equitable treatment have now also been shown. During the hearing, the Court raised several concerns including the effect of the settlement on individuals who already opted-in on the FLSA claim, the scope of the Rule 23 settlement, and the various proposed releases. The parties have now addressed those concerns through the Renewed Motion and new settlement agreement, accounting for issues such as the differences between the FLSA Settlement Class Members and the Meal and Rest Break Class Members.

As for the factors outlined in *Rutter & Wilbanks,* they ask a court to consider "(1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable." 314 F.3d at 1188 (citation omitted). As shown by the findings above, these factors support the requested preliminary approval.

Specifically, on the current record, the Court agrees the parties have made a showing that the proposed Settlement Agreement was honestly and fairly negotiated between the parties and not the product of collusion. In addition, the Court agrees, considering the issues of liability and damages, there are serious questions of law and fact which place the ultimate outcome of the litigation in doubt. Further, the Court also agrees the value of an immediate recovery outweighs

the possibility of any future relief. In the absence of a settlement, the parties will incur significant time and expense in prosecuting and defending against the claims in terms of liability and damages. Finally, the Court finds it should accord substantial weight to the conclusion of the attorneys for all parties that the proposed settlement is fair and reasonable for all putative class members. Thus, the Court finds the proposed settlement may be preliminarily approved.

### E. The Service Payment

The parties propose a $5,000 service payment to Plaintiff Murray. Based on the representation of counsel concerning Plaintiff Murray's services, the Court preliminary finds it may be approved.

### F. The Proposed Notice and Claim Form

The parties have submitted a proposed notice and claim form for approval. The Court finds that some modifications are required as shown in the attached redlined copies. The notice and claim form, as modified by the Court, are approved.

### V. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

(1) That the dismissal of the Colorado state law claims (ECF No. 26) is deemed to be dismissed without prejudice, *nunc pro tunc* October 6, 2018;

(2) That the Renewed Joint Motion for Preliminary Approval of Settlement Agreement (ECF No. 96) is GRANTED as stated herein;

(3) That the classes defined above are certified for the purposes of settlement;

(4) That the notice and claim form attached, as modified by the Court, are approved;

(5) That a fairness hearing will be held on **Friday, August 21, 2018 at 1:30 p.m.** in Courtroom A601, Sixth Floor, at the Alfred A. Arraj Courthouse, 901 19th Street,

Denver, Colorado 80294; and

(6)     That the STAY ordered in this case shall continue until further of the Court.

DATED this 13th day of April, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

# NOTICE OF CLASS ACTION SETTLEMENT

**If you were employed by Tips, Inc. as a delivery driver in Colorado at any time between April 21, 2015, and July 1, 2019 a Class Action Settlement May Affect Your Legal Rights**

*A Court Authorized this Notice. This is not a solicitation from a lawyer.*
*You Have Not Been Sued.*

- Former delivery drivers brought a class and collective action lawsuit alleging that Tips, Inc. (1) under-reimbursed delivery drivers for vehicle expenses, and (2) failed to provide required meal and rest breaks (hereafter "Litigation" or "lawsuit").
- Jeremy Fletcher was the original Named Plaintiff in this lawsuit (the original "*Fletcher*" lawsuit); however, he was removed as the Named Plaintiff and on January 25, 2019, the lawsuit was amended to substitute Sheretta Murray in as the Named Plaintiff (the amended "*Murray*" lawsuit). Ms. Murray acted as the class representative for the settlement of this matter, rather than Mr. Fletcher.
- Tips, Inc. denies these claims and contends that its employees have been properly compensated for vehicle expenses associated with delivering pizzas, and that it provided its employees with all required meal and rest breaks.
- The Parties have reached a Settlement that resolves the Plaintiffs' claims, and the Court has granted preliminary approval of the Parties' Settlement Agreement. You are receiving this paperwork because you may be entitled to receive compensation under the Settlement Agreement, and because you have rights to exclude yourself from the Settlement if you choose to do so, and/or object to the Settlement if you choose to do so.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT ||
|---|---|
| **PREVIOUSLY OPTED-IN** | **Already joined the *Fletcher or Murray* lawsuit prior to this Notice.** If you previously and timely opted-in to the *Fletcher or Murray* lawsuit, you do not need to do anything. If the Court approves the settlement, ~~and~~ you will receive a *pro rata* share of the settlement funds and you will be subject to the release of claims described herein. |
| **SUBMIT A CLAIM FORM** | **Want to join the lawsuit and receive a *pro rata* payment.** **If you sign and submit the attached Claim Form on or before [insert date 60 days following notice]**, and the Court approves the Settlement, you will receive *pro rata* share of the settlement funds and you will be subject to the release of claims described herein. |
| **DO NOTHING** | **Want to stay in this lawsuit and receive a minimum payment.** Even if you did not previously opt-in to the *Fletcher or Murray* lawsuit and do nothing, if the Court approves the Settlement, you will still receive a minimum payment as a result of the parties' settlement and you will be subject to the release of claims described herein. |

| ASK TO BE EXCLUDED | **Want to get out of this lawsuit. Get no benefits from it.** If you ask to be excluded, you will not be entitled to receive any money from the Settlement if the Court approves the Settlement. But, you would keep any rights to sue Tips, Inc. |
|---|---|
| OBJECT TO THE SETTLEMENT | **Want to file an objection to Settlement. Explain to the Court why you believe the Settlement is inappropriate.** You may file an objection to the Settlement explaining any reason why you believe the Court should not approve the Settlement. If you do not ask to be excluded and only file an objection to the Settlement, you will be bound by the terms of the Settlement if the Court overrules your objection and approves the Settlement. |

- Your options are explained in this notice. If you want to be excluded from or object to this Settlement, you must act as explained below before **[60 Days after Mailing of Notice]**.

- **You should read this Notice carefully, as it contains important information.**

## BASIC INFORMATION

### 1. Why did I get this Notice?

Tips, Inc.'s records show that you are either a current or former delivery driver who was employed in Colorado from April 21, 2015, to July 1, 2019 and (1) previously returned a consent to join this lawsuit or (2) worked 32 hours a week or more at least half of the weeks during your employment with Tips, Inc. If either is correct, then you are currently a member of the class in this lawsuit, unless you ask to be excluded. This notice explains that the Court has allowed, or "certified," a class and collective action lawsuit that may affect you, and has preliminarily approved the Parties' class action Settlement. You have legal rights and options that you may exercise as explained in this Notice.

### 2. What is this Lawsuit about?

This lawsuit is about whether Tips, Inc.'s pay practices violated state and federal wage and hour laws at any point from April 21, 2015, to [date that preliminary approval of Settlement agreement is granted] (the "Class Period"). Specifically, the lawsuit alleges that Tips, Inc. under-reimbursed delivery drivers for their vehicle expenses and failed to provide required meal and rest breaks (the "Class Claims"). Tips, Inc. denies these allegations and asserts that it properly reimbursed its delivery drivers for their vehicle expenses and permitted delivery drivers to take meal and rest breaks. The Court has not decided whether Tips, Inc. complied with the law or not. However, the Court has granted preliminary approval to the Parties' Settlement of the Class Claims.

### 3. What are the Monetary Terms of the Parties' Settlement?

Tips, Inc. has agreed to pay $545,000 to resolve the Class Claims as described in paragraph 2 above less attorneys' fees and costs and service payments ("the Class Claim Settlement Amount"). The Class Claim Settlement Amount represents the approximate amount of compensation that the Plaintiffs claim as damages based upon the allegations of and information exchanged in the context of the Litigation.

### 4. How much will I receive?

Class Members who previously filed Consent-to-Join Forms in the *Fletcher* and *Murray* Action, will receive a premium *pro rata* share of the funds to be distributed unless they communicate that they wish to be excluded.

All Class Members that file a claim form on or before [insert date 60 days following notice], will also receive a *pro rata* share of the funds to be distributed.

All Class Members that do not communicate that they wish to be excluded from the settlement on or before [insert date 60 days following notice] will still receive a minimum average payment expected to be at least $67.

### 5. Who are the Class's Attorneys and how will they be paid?

The Court has appointed the Plaintiffs' attorneys, J. Forester of Forester Haynie PLLC to represent the Class ("Class Counsel"). Class Counsel will ask the Court to award them fees and costs related to the prosecution of this case in a total amount not to exceed $194,850. If approved, this amount will be paid from the Class Claim Settlement Amount.

If you want to be represented by your own lawyer, you may hire one at your own expense.

### YOUR RIGHTS AND OPTIONS

You have to decide now whether to remain in the case as a member of the class or be excluded.

### 6. What happens if I decide to submit a claim or do nothing at all?

Whether you timely submit a claim or do nothing at all, you will receive money from this Settlement.

If you want to receive a larger share of the settlement, you must submit a signed copy of the attached Claim Form to the Claims Administrator at the address or below on or before **[60 days following notice]**.

If the Court grants Final Approval of the Settlement, and you timely submit a claim form, you will receive a check in the mail equal to your proportionate share of the Class Claim Settlement Amount, as described above. If you do nothing, you will still receive a minimum payment.

> If you do not exclude you yourself from the settlement but previously and timely consented to join the lawsuit, you are a member of the "FLSA Settlement Class" and will be subject to the following release: All FLSA Settlement Class Members unconditionally waive, release, extinguish, acquit, and forever discharge any claim they may or might have against Defendants or any of the Released Parties (as defined herein) for all state and/or federal wage and hour claims or causes of action accrued from April 21, 2015, through [the date that preliminary approval of this agreement is granted] for unpaid minimum and overtime wages that were asserted in the Litigation, or that arise out of facts asserted in the Litigation, including minimum and overtime wage claims, claims of under or unreimbursed expenses, and failure to provide required meal or rest breaks, including all claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et. seq. and the wage and hour laws of Colorado, whether known or unknown, including any related claims for liquidated damages, penalties, attorneys' fees and costs, and interest; any and all claims for breach of contract; any and all claims for unjust enrichment; and any and all derivative claims relating to unpaid wages or minimum wage compensation ("Released Claims") against the Released Parties.

If you do not exclude yourself from the settlement but did not previously and timely consent to join the lawsuit (are not already a member of the FLSA Settlement Class), you will be subject to the following release:

> All Meal and Rest Break Settlement Class Members who do not exclude themselves from this Agreement irrevocably and unconditionally waive, release, extinguish, acquit, and forever discharge any claim they may or might have against Defendant or any of the Released Parties (as defined herein) for causes of action accrued from April 21, 2015, through [the date that preliminary approval of this agreement is granted] for failure to provide required meal or rest breaks, including such any such claims under the wage and hour laws of Colorado, including any related claims for liquidated damages, penalties, attorneys' fees and costs, and interest.

### 7. How can I be excluded from the Settlement?

If you do not wish to participate in, and receive money from this Settlement, and/or would like to pursue your own, individual claim against Tips, Inc., you can elect to exclude yourself from the Class by filing an opt-out statement postmarked no later than [60 days from Mailing of Notice]. If you opt-out and the Court approves the Settlement, you will not receive any money from this Settlement, you will not be legally bound by the any of the terms of the Settlement and any judgment entered in this case, and you may sue Tips, Inc. on your own. If you file your own lawsuit against Tips, Inc. after you exclude yourself, you will have to hire and pay your own lawyer (if you decide to retain one), and you will have to prove your claims.

To be valid, a Settlement Class Member must submit a signed and dated written statement with your telephone number and email address to the Claims Administrator stating the following: "I wish to opt-out of the settlement of the case *Murray v. Tips, Inc.* I understand that by requesting to opt out from the Settlement, if the Court approves the Settlement I will receive no money from the settlement fund created in accordance with the settlement of that case. I understand that if I opt out from the class monetary settlement, I may bring a separate action."

Again, a Settlement Class Member who submits an opt-out statement is not eligible to recover a share of the Settlement.

### 8. How do I object to the Settlement?

If you believe the proposed Settlement is unfair for some reason, you have the right to submit an objection in writing that explains the basis for your objection. To object to the Settlement, you must submit a written statement explaining the reasons for your objection by [60 days after mailing of notice]. Be sure to include your name, address, telephone number, and email address, and sign the statement. If you have any documents you wish to submit in support of your objection, you must include them with your statement. You must mail your Objection, postmarked by [60 Days after Mailing of Notice], to: [CLAIMS ADMIN].

The Court will consider your objection at the Final Approval hearing. If you do not ask to be excluded from the Settlement and the Court overrules your objection, you will be bound by all of the terms of the Settlement and will receive your proportionate share of the Class Claim Settlement Amount.

## GETTING MORE INFORMATION

### 9. Are more details available?

If you want more detailed information, you may write, call, or email the Claims Administrator:

[CLAIMS ADMINISTRATOR]

### 10. Where and When Will the Court Determine Whether to Approve the Settlement?

The Court will determine whether to approve this Settlement. In order to do so, the Court will conduct a Settlement Fairness Hearing on _____ at _____ at the United States District Court for the District of Colorado, Courtroom A601, Sixth Floor, 901 19th Street, Denver, Colorado 80294. Although you may attend this hearing, you do *not* need are *not* required to attend this hearing in order to participate in the Settlement. At the hearing, the Court will determine:

(a) Whether the proposed settlement is fair, reasonable, and adequate;
(b) Whether the lawsuit should be dismissed with prejudice;
(c) Whether Class Counsel's request for an award of attorney's fees and expenses should be approved; and
(d) Any other relief or issues that the Court deems necessary.

The Court may approve the Settlement and/or any other related matter at or after the Settlement Fairness Hearing without further notice to Class Members.

**PLEASE DO NOT CALL OR WRITE THE JUDGE OR CLERK OF THE COURT FOR INFORMATION ABOUT THIS LAWSUIT. DIRECT ALL INQUIRIES TO CLASS COUNSEL OR AN ATTORNEY OF YOUR CHOICE.**

*Pursuant to order of the United States District Court*
*For the District of Colorado*
**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| SHERETTA MURRAY, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TIPS, INC.<br><br>Defendant. | C.A. No.: 1:18-cv-00937 |

### CLAIM FORM

I understand that I have consented to join in the case entitled *Sheretta Murray, individually and on behalf of all others similarly situated v. Tips, Inc.*, Civil Docket No. 1:18-cv-00937, now pending in the United States District Court for the District of Colorado (the "Litigation"), and agree to be bound by the Settlement Agreement negotiated by Plaintiffs' Counsel in that case.

6

_____    _____
Signature                          Date


_____    _____
Printed Name                       Phone Number


_____
Last 4 Digits of SSN
(for identification purposes only)


_____
Current Address (if different than address to which notice was mailed)