**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 18-cv-00937-RM-KLM

SHERETTA MURRAY, individually and on behalf of similarly situated persons,

    Plaintiff,

v.

TIPS, INC.,

    Defendant.

_____

**ORDER**
_____

This class and collective action was filed on behalf of Domino's Pizza delivery drivers. The parties have reached a settlement and filed a Joint Motion for Final Approval of Settlement Agreement ("Motion for Approval") (ECF No. 100). Plaintiff also filed an Unopposed Motion for Approval of Attorney's Fees and Costs ("Motion for Fees") (ECF No. 101).[1] The Court held a fairness hearing on August 21, 2020 and Plaintiff submitted billing records as further support of counsel's request for fees. Upon consideration of the Motions, the matters discussed in the fairness hearing, and the court record, and being otherwise fully advised, the Court finds and orders as follows.

---

[1] The Motion for Approval and Motion for Fees are collectively referred to as the "Motions."

I.  BACKGROUND

The parties are well versed with the background so the Court will only briefly summarize it here. At issue in this case is Defendant's alleged liability to delivery drivers under state and federal wage and hour laws. The Court approved conditional certification of this case as a collective action and authorized notices to be given to the delivery drivers at issue. Numerous consents were filed. Subsequently, the parties engaged in extensive arms' length negotiations with an experienced meditator and reached a proposed settlement of this action. The parties then requested preliminary approval of a $545,000 settlement on a hybrid FLSA and Fed. R. Civ. P. 23 class basis. The Court preliminarily approved the settlement; certified classes for settlement purposes; approved and authorized notices to be sent; and set a fairness hearing. Notices were sent, claim forms were submitted, and then the Motions were filed. The fairness hearing was held, and no objections have been made to the proposed settlement.

II.  DISCUSSION

### A. Approval under Rule 23 and FLSA

Upon consideration of the requirements under Rule 23(a), 23(b)(3), 23(e), and the FLSA, and as further set forth in the fairness hearing, the Court finds the settlement is fair, reasonable, and adequate and the requirements for its approval are met. *See Fager v. CenturyLink Communications, LLC*, 854 F.3d 1167, 1171 (10th Cir. 2016) (approval of Rule 23 settlement); *Rutter & Wilbanks Corp. v. Shell Oil Co.,* 314 F.3d 1180, 1188 (10th Cir. 2002) (same); *Thiessen v. Gen. Elec. Capital Corp.,* 267 F.3d 1095, 1103 (10th Cir. 2001) (final certification under the FLSA); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)

(considerations for FLSA approval). Accordingly, the Court grants final certification under 29 U.S.C. §216(b). In addition, the Court approves the Settlement Agreement; the payment to Plaintiff Murray of a $5,000 participation award; and the distribution of the Qualified Settlement Fund as set forth in the Settlement Agreement.

### B. Approval of Request for Attorney's Fees and Costs

Based on the Court's familiarity with the services performed and issues in this case, and after applying the *Johnson* factors,[2] the Court finds the attorney's fees ($179,850[3]) and costs ($14,424.65)[4] requested in the Motion for Fees are reasonable and, therefore, approved. *See* 29 U.S.C. § 216(b) (court shall allow reasonable attorney's fee to be paid by defendant and costs of the action); Fed. R. Civ. P. 23(h) (court may award reasonable attorney's fees and nontaxable costs authorized by law or by the parties' agreement). The lodestar crosscheck shows a multiplier of 2.00[5]; this also supports the reasonableness of the fees requested.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED**

(1) That the Joint Motion for Final Approval of Settlement Agreement (ECF No. 100) is GRANTED;

(2) That the Settlement Agreement is approved;

---

[2] *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d, 717-19 (5th Cir. 1974). The Tenth Circuit has applied the *Johnson* factors on numerous occasions. *E.g., Chieftain Royalty Co. v. Enervest Energy Institutional Fund XIII-A, L.P.*, 888 F.3d 455, 458 (10th Cir. 2017).
[3] This consists of 33% of the common fund of $545,000.
[4] Plaintiff requests costs of up to $15,000. But, the Court will only award costs for which there is support.
[5] $179,850/(189 hours x $475) = 2.00. Plaintiff uses an hourly rate of $500 for both attorneys. The Court finds an average rate at $475 to be more appropriate in calculating the lodestar considering the relative experience of counsel.

(3) That Plaintiff Murray shall receive $5,000 as a participation award;

(4) That Plaintiff's Unopposed Motion for Approval of Attorney's Fees and Costs (ECF No. 101) is GRANTED as follows: Plaintiff's counsel is awarded $179,850 in attorney's fees and $14,424.65 in costs;

(5) That the Qualified Settlement Fund shall be distributed in accordance with the Settlement Agreement and this Order;

(6) That this action is DISMISSED WITH PREJUDICE;

(7) That the Clerk shall enter FINAL JUDGMENT in accordance with this Order; and

(8) That the Clerk shall close this case.

DATED this 5th day of October, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge